THE STATE v. CHARLES SHOCKLEY and M. R. LIVELY, Appellants.

Division Two, February 2, 1909.

1. RECOGNIZANCE: No Bill of Exceptions. Where appellants entered into a recognizance for the presence of the principal at court, and on his failure to appear the recognizance was forfeited, and *scire facias* issued, and judgment according to law for the amount of the penalty was entered, and the record proper is free from error, and there is no bill of exceptions, the judgment will be affirmed.

2. ————: Appellate Jurisdiction. From a judgment on a recognizance for $500, in a felony case, the appeal is to the Supreme Court.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs,* Judge.

AFFIRMED.

*Herbert S. Hadley,* Attorney-General, and *Frank Blake,* Assistant Attorney-General, for the State.

GANTT, P. J.—This is a proceeding by *scire facias* to enforce a recognizance in the sum of five hundred dollars, entered into by Charles Shockley as principal and M. R. Lively as surety, for the appearance of said Shockley in the circuit court of Jasper county to answer a charge of felony, to-wit, the setting up and keeping a gambling device and enticing and permitting divers persons to play at the same for money and property.

The defendant Shockley failed to appear according to the conditions of this said recognizance and made default, whereupon the recognizance was order forfeited and a *scire facias* directed to issue against him and his said surety. The defendant Lively was duly served but Shockley could not be found. At the return term the proceeding was dismissed as to Shock-

ley and a trial had which resulted in a judgment for $500, the penalty of the recognizance.    Defendant Lively filed motions for new trial and in arrest, which were heard and overruled and he appealed to this court.    No bill of exceptions was filed by him and the cause must be determined upon the record proper. Defendant is not represented in this court by counsel and no brief has been filed in his behalf.    We discover no error in the record proper and as this recognizance was given in a felony case this court has jurisdiction thereof, notwithstanding the penalty of the recognizance is less than $4,500.

The judgment must be and is affirmed.    All of this division concur.